IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


JEWEL HUNTER, et al.,           )
                                )
     Plaintiffs,                )
                                )          CIVIL ACTION NO.
     v.                         )           2:09cv1155-MHT
                                )               (WO)
SANTA FE PROTECTIVE             )
SERVICES, INC.,                 )
                                )
     Defendant.                 )

OPINION AND ORDER

This cause is now before the court on the plaintiffs'

objection to defendant Santa Fe Protective Services, Inc.

bill of costs.  The objection will be sustained in part

and overruled in part.


I.

The plaintiffs, who applied for security-guard

positions with Santa Fe, brought this lawsuit on behalf

of themselves and all others similarly situated, charging

that Santa Fe discriminated against them on the basis of

age, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634.  The plaintiffs asserted both 'disparate treatment' and 'disparate impact' claims.  Jurisdiction is proper under 29 U.S.C. § 626(c).  The court granted summary judgment in favor of Santa Fe, <u>Hunter v. Santa Fe Protective Servs., Inc.</u>, 822 F. Supp. 2d 1238 (M.D. Ala. 2011) (Thompson, J.), and costs were taxed against the plaintiffs.  Santa Fe filed a bill of costs for $ 7,444.11, and the plaintiffs have objected to that bill.

## II.

Rule 54 of the Federal Rules of Civil Procedure allows for the taxation of costs, other than attorneys' fees, to a prevailing party as a matter of course.  The court looks to 28 U.S.C. § 1920 to determine which costs may be taxed.  <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 440-45 (1987).  Section 1920 allows

for taxation of deposition costs, 28 U.S.C. § 1920(2),

and docket fees.  28 U.S.C. § 1920(5).

The plaintiffs' objection falls into four categories:

(1) the depositions of the 17 named plaintiffs in the

lawsuit; (2) the deposition of Mark Liming, Santa Fe's

Vice President; (3) additional deposition expenses; and

(4) docket fees.

A.

First, the plaintiffs argue that the depositions of

the named plaintiffs were (1) not necessarily obtained

for use in this case and (2) "improperly taken or unduly

prolonged."  Pl. Obj. (Doc. No. 104) at 4.  The

plaintiffs' arguments are meritless.  As stated, the

named plaintiffs alleged, under both disparate-impact and

disparate-treatment theories, that Santa Fe discriminated

against them on account of their age.  Investigating each

plaintiff's background and personal history with Santa Fe

was certainly necessary to the suit and, unsurprisingly,

these depositions were used in support of Santa Fe's motion for summary judgment.  Admittedly, this case was disposed of prior to trial, on the basis of Santa Fe's motion for summary judgment.  However, this fact is not fatal to Santa Fe's bill for costs.   Section 1920 provides that, "A judge or clerk of any court of the United States may tax as costs the following: ... (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."  Therefore, the fact that a court disposes of the case at the summary-judgment stage is no impediment to an award of costs, provided that the costs were reasonably necessary for use in the case.  Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 666 (M.D. Ala. 1999) (Thompson, J.).  The court is convinced, and so finds, that the plaintiffs' depositions were "necessarily obtained for use in the case." [1]

---

1.  The plaintiffs point out that Santa Fe's briefs for summary judgment did not cite heavily to the plaintiffs' depositions. However, that these depositions

(continued...)

The plaintiffs' argument that the depositions were either "unduly prolonged" or "improperly taken" is also without merit.  The plaintiffs' argument boils down to the assertion that Santa Fe should not have asked each plaintiff the same questions about Fort Rucker generally, including each plaintiff's employment history at Fort Rucker under the employer from whom Santa Fe took over and whether each plaintiff previously took and passed a physical-fitness test under this former employer. Because the new physical-fitness test used by Santa Fe was the employment policy the plaintiffs alleged violated

_____

1(...continued)
were not cited heavily in Santa Fe's briefs is not dispositive.  "The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition.  The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." Henderson v. Home Depot U.S.A., Inc., 2006 WL 4978430, at *3 (M.D. Fla. 2006) (Bucklew, J.) (citing Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998)).  Under the "proper inquiry," the depositions taken here were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2); moreover, they supplied (and supported) the factual predicate upon which the summary-judgment motions were decided.

their rights under the ADEA, this information from the viewpoint of each plaintiff was certainly not unduly repetitive; this information was central to issues in the case as a whole as well as at summary judgment, and Santa Fe reasonably wanted to know each plaintiff's take on the information, especially given that the case was based not only on a theory of disparate impact but on a theory of intentional disparate treatment as well.  In addition, most of the depositions ranged between 60 and 70 pages, and were conducted in two hours or less.  The subject and length of each deposition was most reasonable.

### B.

Second, the plaintiffs argue that Santa Fe cannot recover the cost of Vice President Mark Liming's deposition because it was taken for Santa Fe's mere convenience.  Admittedly, if a deposition were taken merely for convenience, to aid in a more thorough preparation of the case, or for purpose of investigation

only, the costs would not be recoverable.  Blevins, 184 F.R.D. at 666.  However, here Liming's deposition was not taken for mere convenience.  The deposition was taken in response to the plaintiffs' notice under Federal Rule of Civil Procedure 30(b)(6), a rule which obligates a corporation to designate an officer or director to testify on behalf of the corporation as a whole. Compliance with Rule 30 was not a matter of convenience. Moreover, the plaintiffs' convenience argument, which assumes that, since Liming was an employee of the company, there could be no reason to depose him, is wrong.  Just because an individual is an employee of the company and the company has access to what that individual might say does not mean that obtaining his sworn, admissible statements is a matter of mere convenience in litigation.  Instead, a party must still make that information available to the court in some form, and where the court has a summary-judgment motion pending the information must be in the form of a sworn

statement (through affidavit, declaration, or even deposition), for parties' pleadings or general assertions of fact are insufficient. See Fed. R. Civ. P. 56(c)-(e); Celotex Corp. v. Catrett, 478 U.S. 317, 324 (1986); Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999). Indeed, it is noteworthy that many of the facts relied upon in the court's summary-judgment ruling were derived from Liming's deposition. See, e.g., Hunter, 822 F.Supp.2d at 1244-1245, 1250-1252.

In the alternative, the plaintiffs argue that the cost of Liming's deposition should be reduced because it was obtained and used, by agreement of the parties, in another case, Willis v. Santa Fe Protective Services, 2:09cv1154 (Watkins, C.J.). Santa Fe argues that, because it did not recover the cost of this deposition in the other case, it should be able to recover for the entire cost of Liming's deposition in this case. The court finds that the plaintiffs should "not bear the

entire cost of a deposition that covered issues both in the [Willis] case and in this case."  Hall v. Lowder Realty Co., Inc., 263 F. Supp. 2d 1352, 1370 (M.D. Ala. 2003) (Thompson, J.).  The plaintiffs ask that the cost of Liming's deposition, which (including exhibits) was 137 pages long and cost $ 345.41, be reduced by $ 250.35, because 27 pages (including exhibits) related exclusively to the Willis case.  This is just a little too much. Instead, with each page at roughly $ 2.52 ($ 345.41 ÷ 137), the court will subtract the cost of the Willis pages ($ 2.52 x 27 = $ 68.04), split the remainder ($ 345.41 - 68.04 = $ 277.37) in half ($ 277.37 ÷ 2 = $ 138.69), and reduce the taxable cost by the sum of half the total without the Willis pages, which is a reduction of $ 206.73 ($ 138.69 + 68.04).

### C.

Third, the plaintiffs request a reduction in deposition costs for "delivery fees, condensed

transcripts and disks or data drives."  Pl. Obj. (Doc.
No. 104) at 2.   Because Santa Fe "does not object to
reducing the cost award by ... the amount allocated to
the delivery fees, data drives, and condensed transcript
costs," Def. Reply (doc. no. 107) at 6, the court makes
no substantive ruling on whether the law requires such a
reduction; instead, on the basis of this concession, the
court is left to determine which costs fall within this
group.   The plaintiffs seek a reduction of $ 2,237.56,
which is too high.   The plaintiffs apparently reach this
number by including the half-day per diem fees, which
were  charged  to  have  the  court  reporters  take  the
depositions.   Because these fees were part of the expense
for the taking of the depositions, the plaintiffs are not
entitled to a reduction for them.   Santa Fe calculates
the reduction, based upon delivery fees, data drives, and
condensed  transcript  costs,  at  $  379.    This  number,
however, is too low, but appears to result from a simple
error  in  calculation  related  to  the  Loe  and  Kamide

10

depositions, which were done by a reporting service different from the one that took the other depositions and which reported fees on a different type of invoice. The $ 379 figure comes from the sum of (1) the condensed transcript, disk, and drive costs for the remaining 18 depositions, which total $ 357.06 (there were no delivery charges for these depositions), and (2) the $ 22.00 delivery charge for the Loe and Kamide depositions ($ 357.06 + 22 = $ 379.06). Santa Fe's number, however, excludes the $64.50 "exhibit copying/scanning/burn to CD" charge on the Loe and Kamide invoice, which is the same as that for the disk and drives on the other invoices. Invoice (Doc. No. 101) at 14. Accordingly, the deposition costs should be reduced by the sum of these numbers, $ 443.56, to reflect this charge ($ 379.06 + $ 64.50 = $ 443.56). The remaining costs are for the depositions and are allowable.

D.

Fourth, the plaintiffs argue that Santa Fe is
entitled to only $ 55 in docket fees, not the $ 70 it
requested.   The parties agree that, at $ 2.50 a
deposition, Santa Fe is entitled to $ 50 in docket fees
for the 20 depositions entered in this case.   See 28
U.S.C. § 1923(a).   The $ 15 disparity derives from the
parties' dispute over whether Santa Fe is due $ 5 or,
instead, $ 20 under § 1923(a), which provides that
"docket fees ... may be taxed as costs as follows:  $ 20
on trial or final hearing ...; [and] ... $ 5 on motion
for judgment and other proceedings on recognizances."
Id.

The law is well-settled that, because, where entry of
summary judgment resolves all issues in the case, thereby
making it a final, appealable order, it is a "final
hearing" to which the $ 20 fee applies.   See, e.g.,
Horacek v. Eberly, 2006 WL 2844170, at *3 (E.D. Mich.
Sept. 29, 2006) (Hood, J.) (collecting cases); Berryman
v. Epp, 884 F. Supp. 242, 245-46 (E.D. Mich. 1995)

12

(Duggan, J.) (explaining why the $ 20 fee applies in a case, like this one, where summary judgment was entered on all issues in the case and was therefore a final, appealable order); <u>Mikel v. Kerr</u>, 64 F.R.D. 93, 95 (E.D. Okl. 1973) (Daugherty, C.J.) ("The Summary Judgment entered in this case disposing of all issues being appealable constitutes a final hearing within the intent and meaning of 28 U.S.C. § 1923(a) and as such the allowance of a $ 20.00 Docket Fee upon final hearing by the Clerk was proper.").

In addition, it is equally clear that the $ 5 fee for a "motion for judgment and other proceedings on recognizances" does not apply here.  Section 1923's reference to a "motion for judgment" was substituted in 1948 for the Latin phrase "scire facias" to make § 1923 consistent with changes being simultaneously made to the Federal Rules of Civil Procedure.  <u>See</u> 29 U.S.C. § 1923 (historical and statutory notes); <u>Miller-Bey v. Hosey</u>, 1994 WL 43454, at *1 (6th Cir. Feb. 14, 1994) (unpublished).  Scire facias is a judicial writ "'founded

upon some matter of record, such as a judgment or
recognizance and requiring the person against whom it is
brought to show cause why the party bringing it should
not have advantage of such record.'" Berryman v. EPP,
884 F. Supp. 242, 246 n.5 (E.D. Mich. 1995) (Duggan, J.)
(quoting Black's Law Dictionary 1346 (6th ed. 1990)).
The phrase "other proceedings on recognizances"
implicates the same sort of judgment, based upon a
"preexisting agreement, contract or obligation." Miller-
Bey, 1994 WL 43454, at *1. Because this case, an anti-
discrimination suit decided at summary judgment, was not
based upon any sort of writ of "scire facias" or upon a
preexisting obligation, the $ 5 fee is inapplicable. See
Seaton-El v. Tooms, 1995 WL 723195, at *1 (6th Cir. Dec.
6, 1995) (holding similarly); Fox v. Bay City, 2007 WL
1377929, at *2 (E.D. Mich. 2007) (Rosen, J.) (concluding
that, because the "present action and the underlying
summary judgment motion do not involve any such writ,"
the defendants were "not entitled to the $ 5 fee").
Santa Fe is therefore entitled to the $ 70 ($ 50 for the

20 depositions and $ 20 taxable "on trial or final hearing").


                              ***



     Accordingly, it is ORDERED as follows:

     (1) The plaintiffs' objection to costs bill (doc. no.

104) is sustained to the extent that defendant Santa Fe

Protective Services, Inc.'s costs bill of $ 7,444.11  is

reduced by the following amounts: $ 206.73 and $ 443.56,

for a total reduction of $ 650.29.   The objection is

overruled in all other respects.

     (2) Costs in the amount of $ 6,793.82 ($ 7,444.11 -

$ 650.29) are therefore taxed against the plaintiffs.

     DONE, this the 19th day of June, 2012.

                         /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE